ELIZABETH H. PEASLEY, PLAINTIFF, *v.* THE SAFETY DEPOSIT LIFE INSURANCE COMPANY, DEFENDANT.

*Application for insurance — construction of question as to disease.*

An application for insurance contained the following question: "Have the person's parents, uncles, aunts, brothers or sisters been afflicted with consumption, scrofula, insanity, epilepsy, diseases of the heart, or *other hereditary disease ?"*

*Held,* that the last three words limited the generality of the previous portion of the question, and confined the inquiry to those cases in which the specified diseases were of an hereditary character.

Accordingly, where the question was answered in the negative, and upon the trial it appeared that the person's mother had had three attacks of insanity, not of an hereditary character, and which were due to accidental causes, *held,* that no breach of warranty was shown.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a judgment dismissing the complaint ordered at the Cayuga Circuit.

*F. D. Wright* and *F. W. Cogswell,* for the plaintiff.

*John T. Pingree,* for the defendant.

TALCOTT, P. J.:

This is a motion for a new trial by the plaintiff, whose complaint was ordered to be dismissed and judgment ordered for the defendant at the Cayuga Circuit, and the exceptions ordered to be heard in the first instance at the General Term.

The action is upon a policy of life insurance upon the life of John J. Peasley in the sum of $3,000, for the sole use and benefit of the plaintiff, the wife of the said John J. Peasley. The insurance company defends the action upon the ground that John J. Peasley made an untrue answer to question No. 14, in his application for said policy. The said question No. 14 was as follows : " Have the person's parents, uncles, aunts, brothers or sisters been afflicted with consumption, scrofula, insanity, epilepsy, diseases of the heart or other hereditary disease ? " To this question the said

Peasley had given the answer " No."   This was held by the justice at the Circuit to be a warranty that none of the relatives specified had ever had any of the diseases therein mentioned; and it appearing that the mother of the deceased had been temporarily insane on three different occasions, the said justice held that the plaintiff could not recover.   The plaintiff duly excepted to the said ruling, and requested the court to hold and decide that if the said answer to said question No. 14 was held to be a warranty, it was a warranty only that the said persons therein mentioned had never been afflicted with any of the diseases, therein mentioned, hereditary in their character or with any other hereditary disease, but the court refused so to hold, and the plaintiff's counsel excepted.   The counsel for the plaintiff also requested the court to hold that the said answer was not a warranty under the application and policy, and was a representation merely.   The court refused so to hold, and the plaintiff's counsel excepted.

The counsel for the plaintiff also requested the court to submit to the jury the question, whether the insanity of the mother of said Peasely under the proof was hereditary, claiming that unless the jury believed it to be hereditary, the warranty (if the answer was held to be a warranty) was not broken.   The court refused to submit that or any other question to the jury, holding that, under the proof, the warranty made by the answer to question No. 14 was broken by the fact that the mother aforesaid had been insane, without reference to the question whether such insanity was hereditary, to which ruling the plaintiff's counsel excepted.

It is to be borne in mind that " no rule in the interpretation of a policy is more fully established or more imperative than that which declares that in all cases it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, her claim to the indemnity which, in making the insurance, it was the object to secure.   When the words are without violence, susceptible of two interpretations, that which *sustains* her claim must, in preference, be adopted."   (May on Insurance, p. 182, § 175.) " And so if a question is susceptible of being answered in more than one way, and differently from different points of view, it will not be open to the company which proposes the question to object that it is not answered in the true sense."   (May on Insurance,

§ 175.) And, "in construing an instrument prepared by the insurers, it ought to be read most strongly against the maker." (May on Insurance, § 176.)

These rules for the construction of policies of insurance are elementary; and treating the answer to the question No. 14 as an absolute warranty, we think the learned justice at the Circuit fell into an error in the construction of such warranty. The only fact which would have a tendency to affect the risk, was whether the insanity with which the mother of Peasely was afflicted was hereditary in its character. Insanity, brought about by temporary and accidental causes — such, as in this case, a fever, or displacement of the womb — could have no bearing on the risk, and the party interrogated, in view of the only legitimate purpose for which such a question could be asked, was justified in supposing, from the form of the question, and from the nature of the diseases embraced in it, that the object of the company was to inquire whether any of the relatives named in the question had been afflicted with any of the diseases specified, which were hereditary in their character, rendering it probable that the person whose life the company proposed to insure would be more than ordinarily liable to be attacked by the same disease. The concluding words of the question, "*or other hereditary disease*," qualified the generality of the preceding words, and directed the attention of the applicant to the hereditary character of the diseases specified, and were intended, or, at least, calculated to inform him that the diseases inquired about were such and such only, as were of an hereditary character, and would not be likely to call his attention to a case of temporary mental alienation from some accidental cause.

The evidence in the case was very strong to show that the disease with which the applicant's mother had been, on three several occasions, afflicted, was, in the opinion of her physicians and others, due to accidental causes solely, and did not show any hereditary taint in the constitution of the mother which would be likely to be transmitted to her offspring. We think, therefore, assuming the answer to the question to have been an absolute warranty, that the ruling at the Circuit was wrong, and that the plaintiff's counsel was right in asking that it be submitted to the jury upon the evidence, to determine the question of fact whether the insanity with

which the mother of the applicant was afflicted was of an hereditary character, not due solely to accidental and temporary causes. On this ground, we must direct a new trial.

Order dismissing the complaint and directing judgment for the defendant reversed, and new trial ordered, costs to abide the event.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

New trial granted, costs to abide event.